MARC L. PINCKNEY, #127004
LAW OFFICE OF MARC L. PINCKNEY
8677 Villa La Jolla Drive, Ste. 230
La Jolla, California 92037
Telephone: (858) 777-3090
Facsimile: (858) 777-3091

ATTORNEYS FOR PLAINTIFF
FRED RUBIO

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SILICON VALLEY TELECOM EXCHANGE, LLC,<br><br>　　　　Debtor.<br><br>FRED RUBIO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CERULEAN GLOBAL SERVICES, LLC, et al.,<br><br>　　　　Defendants. | Case No. 14-52449 MEH<br><br>CHAPTER 11<br><br><br><br>Adversary Proceeding<br><br>Case No. 16-05034<br><br>**PLAINTIFF FRED RUBIO'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT TAYLOR'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**<br><br>**Date: June 27, 2016**<br>**Time: 11:00 a.m.**<br>**Courtroom: 3020** |

　　　　Plaintiff FRED RUBIO ("Plaintiff") submits the following Memorandum of Points and authorities in opposition to Defendant ROBERT TAYLOR's ("Taylor") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)[1].

---

[1] All subsequent references to "Rule" or "Rules" refers to the Federal Rules of Civil Procedure.

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES .................................. 1

I. INTRODUCTION ........................................................ 1

II. PROCEDURAL BACKGROUND ............................................... 2

III. STATEMENT OF FACTS ................................................. 2

IV. LEGAL ARGUMENT ..................................................... 7

    A. Legal Standard... ............................................... 7

    B. **Plaintiff has not alleged causes of action against Taylor for Breach of Contract, Open Book Account, Accounting or Declaratory Relief and therefore his motion to dismiss as to these causes of action is moot** . ........................ 8

    C. **Taylor's claim that Plaintiff failed to adequately plead a cause of action for fraud in patently false and Defendants' motion to dismiss is frivolous..** ...... 9

    D. **Taylor's motion to dismiss based on the claim that Plaintiff has not pled facts sufficient to state a claim for Conversion is wholly unsupported, improper and frivolous** ................................................... 10

        1. **Taylor's motions to dismiss Plaintiff's conversion cause of action is improper because Taylor does not present any argument that the conversion cause of action is insufficiently pled but instead argue the merits of the cause of action** ................................ 10

        2. **Even if it is proper to for Taylor to Challenge ownership of the converted property on the merits in the context of a Rule 12(b)(6) motion, Taylor did not present any "evidence" that the property Plaintiff alleges was converted was property transferred to Cerulean pursuant to this Court's Sale Order authorizing the sale of assets to Cerulean** ............. 11

        3. **Taylor's claim that Plaintiff consented to Defendants' exercise of possession and control over the converted property is an impermissible attack on the merits of the cause of action for conversion**. .......... 12

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

**CASES**

*Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) .................................................. 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007) ............................................ 8

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) ............................... 8

*Deepakkumar Himatlal Soneji v. Dep't of Homeland Sec.*, 525 F. Supp. 2d 1151, 1157 (N.D. Cal. 2007) ............................................................................................................. 8

*Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir.1997) ................... 8

*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994) ........................................ **9, 10**

*Hebbe v. Pliler*, 627 F.3d 340 (9th Cir. 2010) ................................................................... 8

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ......................................................... 8

*Yordy v. Astrue*, No.1:09-cv-03028-NJV, 2010 U.S. Dist. LEXIS 14966, *4 (N.D. Cal. Feb. 22, 2010) ......................................................................................................................... 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ............................................................................................................. 8

Fed. R. Civ. P. 12(b)(6) ............................................................................... **1, 2, 7, 8, 10, 11, 14**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Taylor filed a motion to dismiss Plaintiff's Complaint, in its entirety, pursuant to Rule 12(b)(6). Taylor claims that Plaintiff's 13 page complaint with two (2) exhibits fails to sufficiently allege a single, valid cause of action.

However, it is Taylor that has failed to establish that Plaintiff's causes of action were not sufficiently pled.

The fact of the matter is that this is a very simple case as it relates to Taylor. Plaintiff alleges only two causes of action against Taylor: (1) Fraud and (2) Conversion.

Plaintiff alleges that the fraudulent statements made by Defendant CERULEAN GLOBAL SERVICES, LLC's ("Cerulean") were made at the direction of Taylor. The fraudulent statements were that Cerulean, at the direction of Taylor, falsely represented to Plaintiff that Cerulean was complying with its obligations under an agreement with Plaintiff which Plaintiff alleges is not true. In addition, Cerulean, at Taylor's direction, falsely misrepresented the number of former SVTIX/RAIX who became Cerulean customers. Finally, Plaintiff alleges a cause of action for conversion. Cerulean has possession of property belonging to Plaintiff and Cerulean, at Taylor's direction, refused to permit Plaintiff access to the property to recover it. In fact, Cerulean claims ownership of the property Plaintiff claims was converted.

Regarding the conversion of property, Cerulean and Taylor claim that the subject converted property was transferred to Cerulean in a sale approved by this Court. Cerulean and Taylor go on at length how Plaintiff is attempting to undermine and attack this Court's order authorizing the sale of assets to Cerulean. However, the property that is the subject of Plaintiff's action for conversion was not property included in the sale to Cerulean. Taylor, in his motion to dismiss, requests that this Court take judicial notice of pleadings related to the motion to sell and this Court's order in an effort to prove that the property Plaintiff claims was converted was transferred to Cerulean pursuant to a court approved sale. But nowhere in the documents is the property claimed by Plaintiff to be converted mention. Taylor is attempting to mislead this Court as to what was actually sold to

Cerulean.

For the reasons set forth below, Taylor's motion to dismiss should be denied.

## II.

## PROCEDURAL BACKGROUND

On April 7, 2016, Plaintiff filed a complaint ("Complaint") [Dkt. No. 1 in this Adversary Action] in the Santa Clara County Superior and Cerulean and Robert Taylor ("Taylor) were named as defendants (Cerulean and Taylor will be collectively referred to as "Defendants".) On May 6, 2016, Defendants filed their Notice of Removal of Civil Action in the main bankruptcy case of Silicon Valley Telecom Exchange ("SVTX") [Dkt. No. 149].

On May 13, 2016, Cerulean file a motion to dismiss the Complaint pursuant to Rule 12(b)(6). [Dkt. No. 2.] Cerulean claimed each and every cause of action alleged in the complaint failed to state facts sufficient to constitute a claim for relief. Cerulean also filed a Request for Judicial Notice in support of its motion to dismiss. [Dkt. No. 3.] The request for judicial notice sought notice of filings in the main SVTX bankruptcy case and sought notice of: the Chapter 11 Trustee's Motion to Sell; SVTIX and RAIX's Opposition to Chapter 11 Trustee's motion; and the Order granting the Trustee's motion to sell.

On May 27, 2016, Taylor filed a motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) [Dkt. No. 10] which is virtually identical to the motion filed by Cerulean and an identical Request for Judicial Notice [Dkt. No. 11].

## III.

## STATEMENT OF FACTS

The Complaint alleges six (6) causes of action against Cerulean and three (2) causes of action against Taylor. The causes of action alleged against Cerulean are: (1) Breach of Contract, (2) Open Book Account, (3) Accounting, (4) Declaratory Relief, (5) Fraud, and (6) Conversion. The causes of action alleged against Taylor are: (1) Fraud and (2) Conversion.

The Complaint alleges:

Silicon Valley Telecom Exchange, LLC ("SVTX") leased a warehouse building at 250 Stockton Ave., San Jose, California ("Stockton Ave.") from the San Jose Unified School District.

SVTX renovated the warehouse building and converted it for use as data center. SVTX then subleased space in the data center to other parties. Complaint, ¶6.

Silicon Valley Telecom & Internet Exchange, LLC ("SVTIX") and RAIX, LLC ("RAIX") were two entities that subleased space at Stockton Ave. from SVTX. SVTIX used its subleased space, in part, to provide colocation services to customers, including the provision of cabinets to house customers' web hosting servers, electrical power, and internet connectivity. RAIX used its subleased space to provide colocation services to customers, including the provision of cabinets for customers' web hosting servers, electrical power, internet connectivity, and providing customers with managed services and bandwith for their servers. Complaint, ¶7.

SVTX experienced financial difficulties and filed for Chapter 11 bankruptcy protection in June of 2014. The bankruptcy court appointed a Chapter 11 trustee ("Trustee") and Trustee proceeded to sell SVTX's leasehold interest in Stockton Ave. and SVTX's assets, including generators, transformers, and load banks to Defendant Cerulean. The trustee brought a motion in SVTX's bankruptcy case for approval to sell SVTX's leasehold interest and assets free and clear of liens and interests, including free and clear of SVTIX and RAIX's sub-leasehold interests. Complaint, ¶8.

SVTIX and RAIX objected to the Trustee's sale of SVTX assets to Cerulean, in part, due to the fact the trustee's sale of assets purported to sell some assets owned by SVTIX and RAIX. At the January 29, 2015 hearing of the Trustee's motion for approval to sell SVTX's leasehold interest and assets, SVTIX and RAIX entered into an agreement ("Agreement") with Cerulean due to what appeared to be the inevitable sale of SVTX's leasehold interest in Stockton Ave. and the termination of SVTIX and RAIX's sub-leasehold interests. The Agreement was read into the record in the bankruptcy court by Cerulean's counsel and Agreement provided that:

  (1) For each customer of SVTIX or RAIX that became a customer of Cerulean ("Converted Customer"), Cerulean agreed to pay Plaintiff a monthly fee of 7% of the average monthly revenue the Converted Customer paid SVTIX or RAIX in 2014 ("Converted Customer Fee"). Defendant Cerulean agreed to pay Plaintiff the Converted Customer Fee for three (3) years but the obligation to pay the commission

for each Converted Customer terminate sooner if the Converted Customer ceased being a Cerulean customer. In effect, the monthly fee amount for each Converted Customer was a fixed amount based on the monthly average revenue paid by the customer to SVTIX or RAIX in 2014 and Cerulean was obligated to pay the Converted Customer Fee for three years so long as the Converted Customer was a customer of Cerulean.

(2)  SVTIX and RAIX agreed to convey to Cerulean any interest they had, if any, in the assets Cerulean purchased from SVTX's Trustee.

Complaint, ¶9.

The Trustee's motion for bankruptcy court approval to sell SVTX's leasehold interest and assets was granted. However, the sale was not complete until Cerulean paid the Trustee the sale price for the assets purchased. On February 6, 2015, Cerulean paid the sale purchase price and on that date SVTX's right, title and interest in the leasehold and assets passed to Cerulean. Plaintiff is informed and believes that until Cerulean paid the sale purchase price, Cerulean was under no obligation to complete the sale. Complaint, ¶10.

From January 29, 2015 to February 6, 2015, SVTIX and RAIX continued to operate their businesses and collected customer billings from some customers for the month of February 2015. On February 6, 2015, Taylor arrived at Stockton Ave. unannounced and advised Plaintiff that the SVTX sale was completed and Plaintiff was to vacate the premises promptly, which Plaintiff did. Complaint, ¶11.

Personal property belonging to SVTIX, RAIX, and Plaintiff ("Property") remained at 250 Stockton Ave. after Plaintiff was directed to vacate the premises. Plaintiff made arrangements to have the Property removed, however, Plaintiff and his agents were denied access to remove the Property by Cerulean's agents. Plaintiff advised Taylor that he was being denied access to remove personal property that was not part of the SVTX sale. Complaint, ¶12.

Counsel for SVTIX, RAIX, and Plaintiff and counsel for Cerulean attempted to prepare a final written agreement ("Written Agreement") encapsulating the terms of the Agreement that had been read into the record at the hearing of the Trustee's motion for approval to sell SVTX's assets.

However, a dispute arose regarding terms of the Written Agreement. Specifically:

(1) Cerulean attempted to narrowly define Converted Customer to customers that paid Cerulean by a certain date as opposed to SVTIX and RAIX customers that became Cerulean customers.

(2) Cerulean demanded that its obligation to pay the Converted Customer Fee be 30 days after Cerulean received payment from the Converted Customer while SVTIX and RAIX requested that payment be made on shorter period.

(3) Cerulean initially demanded all SVTIX and RAIX revenue collected for the month of February of 2015. Plaintiff contended that he was entitled revenue generated by SVTIX and RAIX for the first five and one-half (5 ½) days of February 2015 since Cerulean did not take over business operations until February 6, 2015. Cerulean subsequently offered Plaintiff 5/28ths of the revenue SVTIX and RAIX collected for February 2015 but Plaintiff would not be entitled to revenue collected by Cerulean for the month of February 2015 that had yet to be collected by SVTIX and RAIX.

(4) Cerulean demanded that SVTIX and RAIX transfer all title and interest in personal property owned by SVTIX and RAIX that was not part of the SVTX assets sold to Cerulean by the Trustee.

(5) Cerulean made deductions from the Converted Customer Fee which Plaintiff did not agree. Complaint, ¶13.

SVTIX and RAIX collected a portion of the customer billings for February 2015. Cerulean was provided with an accounting of the SVTIX and RAIX customer billings that were collected for the month of February 2015. Plaintiff is informed and believes Cerulean collected billings from former SVTIX and RAIX customers for February 2015, including billings for the period that included the first six days of February while SVTIX and RAIX continued to operate and run their businesses. Cerulean has never provided an accounting for the funds it collected. Complaint, ¶14.

In an effort to provide Cerulean with the information required to calculate the monthly Converted Customer Fee owed and provide an accounting for customers billings collected by SVTIX and RAIX, Plaintiff provided Cerulean with information regarding SVTIX/RAIX sales billed for

February 2015, SVTIX/RAIX sales collected for February 2015, a calculation of 5.5/28ths of the sales billed which would be retained by Plaintiff, a calculation of the monthly Converted Customer Fee Cerulean was to pay based on SVTIX/RAIX customers' annual 2014 revenue, and a calculation/accounting/reconciliation of amounts owed taking into account the Converted Customer Fee for February and March 2015 and February 2015 billings collected by SVTIX and RAIX. Plaintiff calculated that Converted Customer Fee for SVTIX and RAIX Converted Customers was $5,317.37 and $2,227.79, respectively. Plaintiff calculated that the SVTIX/RAIX billings collected exceeded the amounts Cerulean owed Plaintiff for SVTIX/RAIX operations for the first 5.5 days of February 2015 and the monthly fee owed for Converted Customers for February and March 2015. Consequently, Cerulean was paid $19,759.89. Complaint, ¶15.

On or about May 4, 2015, Cerulean provided a list of Converted Customers to Plaintiff. Attached to Plaintiff's Complaint as Exhibit A is the list of Converted Customers Cerulean ("Cerulean Converted Customer List") provided to Plaintiff. On May 7, 2015, Plaintiff, via email, inquired of Cerulean whether the list was complete because Cerulean's Converted Customer list did not include all SVTIX/RAIX customers who were customers in February 2015. Plaintiff identified the customers missing from Cerulean's customer list. In response, on May 15, 2015, Cerulean sent Plaintiff another identical list of Converted Customers but failed to explain what happened to SVTIX/RAIX customers that existed when Cerulean took over operations on February 6, 2015 but who were not listed on Cerulean's converted customer list. Despite further requests, Cerulean refused to confirm or deny that SVTIX/RAIX customers not listed on Cerulean's Converted Customer list were or were not Cerulean customers. Cerulean's position was that it had no obligation to provide the information requested and to state that Cerulean was in full compliance with its obligations under the agreement. Complaint, ¶16.

Plaintiff and Cerulean were never able to finalize and reach agreement on a final Written Agreement encapsulating the terms of the Agreement. Complaint, ¶17.

On July 2, 2015, Cerulean's counsel emailed Plaintiff's counsel that Cerulean calculated that Plaintiff owed Cerulean funds after taking into account the Converted Customer Fee Cerulean owed Plaintiff for February through May 2015 which "results in a balance due from Mr. Rubio to Cerulean

in the amount of $5,484.94 as of 5/31/15." Complaint, ¶18.

In August 2015, Cerulean tendered its one and only payment to Plaintiff in the amount of $4,892.29. Cerulean never made another payment. On August 24, 2015, Plaintiff's counsel emailed Cerulean's counsel requesting an explanation of how the payment amount was calculated especially since previous information provided by Cerulean indicated that a greater amount was owed. Cerulean's response, via email dated August 26, 2015, stated "payment of the commission amount fulfills Cerulean's obligation under the agreement reflected in the bankruptcy court's records." Cerulean refused to provide any explanation of the calculation of the Converted Customer Fee. Complaint, ¶19.

On September 17, 2015, Plaintiff's counsel emailed Cerulean's counsel regarding the status of the August 2015 Converted Customer fee. On September 21, 2015, Cerulean's counsel responded: "Thank you for your message. Cerulean will comply with the agreement announced in Bankruptcy Court, and reserves all rights under that agreement." On September 28, 2015, Cerulean's counsel further stated via email: "In response to your phone call to me of last week, Cerulean reiterates that it will comply with the settlement agreement the parties announced in Bankruptcy Court. My client believes there is nothing further that needs to be said on this matter. Cerulean reserves all rights under the agreement." Consequently, Cerulean refused to explain why Plaintiff had not received a Converted Customer fee check for August 2015 and would only state that Cerulean was complying with all its obligations under the Agreement. Complaint, ¶20.

Plaintiff is informed and believes that Taylor is Cerulean's representative with authority to speak on behalf of Cerulean, representations that Cerulean was complying with its obligations under the Agreement were made by Taylor, and Cerulean and Taylor's representations that Cerulean was and would comply with its obligations to Plaintiff pursuant to the Agreement were not true. Complaint, ¶21.

**LEGAL ARGUMENT**

**A.      Legal Standard.**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should not be dismissed if "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  Indeed, "Rule 12(b)(6) motions are viewed with disfavor and are properly granted" only "under extraordinary circumstances." *Yordy v. Astrue*, No.1:09-cv-03028-NJV, 2010 U.S. Dist. LEXIS 14966, *4 (N.D. Cal. Feb. 22, 2010).  A complaint need only allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  In considering a motion to dismiss for failure to state a claim, the Court must accept as true the allegations of the complaint in question, "construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor." *Hebbe v. Pliler*, 627 F.3d 340 (9th Cir. 2010); *see also Deepakkumar Himatlal Soneji v. Dep't of Homeland Sec.*, 525 F. Supp. 2d 1151, 1157 (N.D. Cal. 2007).  The Court reads the complaint "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  Moreover, "*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden." *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), *rev'd on other grounds*, 131 S. Ct. 2074 (2011).  "Asking for plausible grounds to infer the existence of a claim for relief does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to prove that claim." *Id*.  "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

"[T]he Court is generally confined to consideration of the allegations in the pleadings[.]" *Yordy*, 2010 U.S. Dist. LEXIS 14966 at *5.  However, while the Court cannot accept "new" facts alleged in opposition papers, a plaintiff's briefing may always be used to clarify allegations in a complaint. *Id.*

      **B.**    **Plaintiff has not alleged causes of action against Taylor for Breach of Contract, Open Book Account, Accounting or Declaratory Relief and therefore his motion to dismiss as to these causes of action is moot .**

Plaintiff has not alleged causes of action against Taylor for breach of contract, open book account, accounting, or declaratory relief.  Nor does the prayer for judgment in Plaintiff's Complaint

seek damages or remedy for those causes of action.  Consequently, Taylor's motion to dismiss the causes of action against him for breach of contract, open book account, accounting, or declaratory relief is moot.

> C. **Taylor's claim that Plaintiff failed to adequately plead a cause of action for fraud in patently false and Defendants' motion to dismiss is frivolous.**

Taylor claims that Plaintiff failed to allege facts that show there was: (1) a misrepresentation, (2) Defendants had knowledge of falsity (scienter), (3) intent to defraud, (4) reliance, and (5) damage.  In *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), the court stated that "[t]o allege fraud with particularity [as required by Rule 9(b)], a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading."  Scienter may be alleged generally.  *Ibid.*  The *In re GlenFed, Inc.* court state:

> **At argument, counsel for plaintiffs hypothesized that a plaintiff might allege that he bought a house from defendant, that defendant assured him that it was in perfect shape, and that in fact the house turned out to be built on landfill, or in a highly irradiated area; plaintiff could simply set forth these facts (presumably along with time and place), allege scienter in conclusory fashion, and be in compliance with Rule 9(b). We agree that such a pleading would satisfy the rule**.

*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)

In the matter at bar, Plaintiff alleged the fraud with particularity as required by Rule 9(b). Plaintiff alleged that Cerulean, at Taylor's direction, falsely and fraudulently represented to Plaintiff that Cerulean's Converted Customer list was an accurate statement of SVTIX and RAIX customers that became Cerulean customers and that Cerulean was complying with its obligations pursuant to the Agreement, to wit that Cerulean has paid Plaintiff all amounts owed Plaintiff when owed. Complaint, ¶¶ 16, 18, 19, and 20.  Plaintiff even alleged the date the misrepresentation was made

and quoted the misrepresentation from the email in which the misrepresentation appeared. *Ibid.* Plaintiff further alleges that Plaintiff is informed and believes that Cerulean's fraudulent misrepresentations were made at the direction of Taylor. Complaint ¶21.

Taylor claims that Plaintiff failed to plead facts showing Defendants' knowledge of the falsity of the misrepresentations. Taylor Motion, p. 10, line 1-11. Taylor claims the scienter allegation is merely conclusory. However, as noted above, *In re GlenFed, Inc.* holds that scienter can be alleged in a conclusory fashion. Taylor is just wrong about the requirements for pleading scienter.

Taylor also argues that Plaintiff failed to plead with particularity the element of justifiable reliance. Cerulean Motion, p. 11, lines 4-14. However, as stated above, Plaintiff need only state the what is false and misleading about the misrepresentation along with time and place. But reliance is not require to be alleged with particularity.

Consequently, Taylor is wrong regarding the adequacy of Plaintiff's fraud allegations and Defendants' arguments are not support by law. Instead, the arguments are unsupported and frivolous.

**D.    Taylor's motion to dismiss based on the claim that Plaintiff has not pled facts sufficient to state a claim for Conversion is wholly unsupported, improper and frivolous.**

**1.    Taylor's motions to dismiss Plaintiff's conversion cause of action is improper because Taylor does not present any argument that the conversion cause of action is insufficiently pled but instead argue the merits of the cause of action.**

As cited by Taylor, a motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint and should be granted if Plaintiff has not pled "'enough facts to state a claim to relief that is plausible on its face.'" Taylor Motion, p. 6, lines 3-8.)

Taylor claims that he is entitled to dismissal of the Plaintiff's conversion cause of action pursuant to Rule 12(b)(6). However, instead of presenting an argument that Plaintiff failed to plead sufficient facts to state a claim for relief, Taylor attempts to seek a dismissal on the merits of the claim. Taylor does not claim that the conversion cause of action in Plaintiff's complaint was not

sufficiently pled.  Rather, Taylor attempts to challenge the merits of the allegations regarding whether Plaintiff owned the converted property and/or consented to Defendants exercising control over the property.  Taylor argues that the converted property was transferred to Cerulean pursuant to a sale of assets by the Trustee to Cerulean which was approved by this Court or, alternatively, Plaintiff consented to the exercise of Defendants control over the property.  Consequently, Taylor's motion to dismiss pursuant to Rule 12(b)(6) is improper because, instead of testing the sufficiency of Plaintiff's complaint or allegations, Cerulean seeks a determination of the merits the conversion cause of action based on refuting Plaintiff's claim to ownership of the property and/or arguing Plaintiff consented to Cerulean exercising control over the converted property.  However, an attack on the merits of Plaintiff's allegations is not proper in the context of a Rule 12(b)(6) motion because the challenge did not relate to the sufficiency of the pleading but the merits.

    **2.    Even if it is proper to for Taylor to Challenge ownership of the converted property on the merits in the context of a Rule 12(b)(6) motion, Taylor did not present any "evidence" that the property Plaintiff alleges was converted was property transferred to Cerulean pursuant to this Court's Sale Order authorizing the sale of assets to Cerulean.**

Taylor's motion to dismiss Plaintiff's conversion cause of action based on the Trustee's sale of assets approved by this Court is not an attack on the sufficiency of the pleadings but a evidentiary attack on Plaintiff's claim to ownership of the converted property.  While Taylor attempts to attack the merits of the ownership element of the conversion cause of action, Taylor failed to present any "evidence" that the converted property was sold by the Trustee to Cerulean.  There is absolutely no evidence that the converted property was sold to Cerulean by the Trustee.  Plaintiff acknowledges that the Trustee sold the assets of the Debtor to Cerulean but the converted property was not among those assets.  In all of the attached documents to Taylor's motion to dismiss, there is not any mention that the Trustee was selling *all* the assets of SVTIX and RAIX to Cerulean.  Nowhere in Taylor's motion and the attached Sale Order signed by this Court is there any reference that the assets the Trustee sold to Cerulean include the converted property listed on Exhibit B to Plaintiff's complaint.  Further, Taylor does not even try to make a factual argument that the Exhibit B converted property

list attached to the Complaint were included in the assets sold to Cerulean by the Trustee. Taylor states, in conclusory terms, that the property Plaintiff claims was converted was property sold to Cerulean by the Trustee - but Taylor does to not point to any document provision which states that the assets Cerulean was buying from the Trustee also include the converted property listed in Exhibit B to Plaintiff's Complaint.

Taylor attempts to make a big issue of the fact that SVTIX and RAIX objected to the Trustee's motion seeking approval to the sale of the Debtor's assets to Cerulean. However, a closer examination of the objection reveals that the assets SVTIX and RAIX was objecting to being sold are not the assets listed on Exhibit B to Plaintiff's complaint. Rather the sale objections were to property disclosed in the Trustee's motion to sell that the Trustee was seeking court authorization to sell - specifically, UPS systems, cabinets, racks, and air conditioning units. Even as quoted in Taylor's motions to dismiss, the objection related to the sale of equipment owned by SVTIX and/or RAIX, "including but not limited to the UPS systems purchased and installed by SVTIX, transformers purchased by and installed by SVTIX, and cabinet/racks purchased and installed by RAIX and SVTIX." Taylor Motion, p. 11, lines 22-26. Taylor's motion to dismiss also references SVTIX and RAIX's objection to the sale of computer room air conditioners, evaporative cooling units and computer racks. Taylor Motion, p. 11, ln 28 - p. 12, ln 3. However, none of above items or items described in the Trustee's motion to sell include the items of property listed in Exhibit B to Plaintiff's Complaint and Taylor does not even try to make that factual showing to that effect. Not only does Taylor not make such a factual showing but it cannot make such a factual showing. As such, Taylor's motion to dismiss the conversion cause of action should be denied.

### 3. Taylor's claim that Plaintiff consented to Defendants' exercise of possession and control over the converted property is an impermissible attack on the merits of the cause of action for conversion.

As stated by Taylor, a motion to dismiss tests the legal sufficiency of the compliant and the motion cannot be granted if Plaintiff has pled sufficient facts to state a cause of action.

Taylor argues that Plaintiff consented to Defendants exercising possession and control over the converted property. However, this argument does not relate to the sufficiency of the allegations

of Plaintiff's complaint. Instead, Taylor is impermissibly arguing the merits of the claim. On that basis, the motion to dismiss the conversion cause of action should be denied.

In any event, the argument that Plaintiff consented is unsupported and frivolous. First, the Complaint the complaint alleges:

> Personal property belonging to SVTIX, RAIX, and Plaintiff ("Property") remained at 250 Stockton Ave. after Plaintiff was directed to vacate the premises. Plaintiff made arrangements to have the Property removed, however, Plaintiff and his agents were denied access to remove the Property by CERULEAN's agents. Plaintiff advised Taylor that he was being denied access to remove personal property that was not part of the SVTX sale.

(Complaint, ¶12.)

Plaintiff clearly did not consent to Defendants exercising possession and control over Plaintiff's property since Plaintiff made arrangements to remove the property at 250 Stockton Ave but was denied access to remove the property and even advised Taylor that Plaintiff was being denied access.

Another argument proffered by Taylor is that consent is implied because Plaintiff left property at 250 Stockton Ave when Plaintiff knew that when Debtor's sale of assets to Cerulean would terminate SVTIX, RAIX and Plaintiff's right to occupy the premises at 250 Stockton Ave. However, Taylor cites no authority for their argument and, even if there was implied consent, that consent was terminated when Plaintiff requested access to remove property from 250 Stockton Ave. that was not part of the sale to SVTX.

In light of the above, Taylor's argument that Plaintiff consented is without any legal support and is an improper challenge on the merits of Plaintiff's Complaint that Plaintiff did not consent to Defendants exercising possession and control over Plaintiff's property.

//
//
//

Plaintiff's Opposition to Defendant Taylor's Motion to Dismiss
13
Case: 16-05034    Doc# 19    Filed: 06/14/16    Entered: 06/14/16 11:37:18    Page 17 of 19

# CONCLUSION

For the foregoing reasons, Taylor's motions to dismiss pursuant to Rule 12(b)(6) should be denied in its entirety or, alternatively, Plaintiff requests that Plaintiff be granted leave to amend.

Dated: June 13, 2016                    LAW OFFICE OF MARC L. PINCKNEY

                                        By: /s/ Marc L. Pinckney
                                            Marc L. Pinckney
                                            Attorney for Plaintiff
                                            Fred Rubio

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 14, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per L.R. 9013-3(c).

By: /s/ Marc L. Pinckney
Marc L. Pinckney