1  MARC L. PINCKNEY, #127004
   LAW OFFICE OF MARC L. PINCKNEY
2  8677 Villa La Jolla Drive, Ste. 230
   La Jolla, California   92037
3  Telephone:  (858) 777-3090
   Facsimile: (858) 777-3091
4
   ATTORNEYS FOR PLAINTIFF FRED RUBIO
5  and COUNTER-DEFENDANTS FRED RUBIO,
   RAIX and SVTIX

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 14-52449 MEH |
| SILICON VALLEY TELECOM EXCHANGE, LLC, | CHAPTER 11 |
| Debtor. | |
| FRED RUBIO, | Adversary Proceeding Case No. 16-05034 |
| Plaintiff, | **PLAINTIFF FRED RUBIO AND COUNTER-DEFENDANTS FRED RUBIO, RAIX, AND SVTIX'S CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | |
| CERULEAN GLOBAL SERVICES, LLC, et al., | |
| Defendants. | **Date: October 31, 2016**<br>**Time: 10:00 a.m.**<br>**Courtroom: 3020** |
| CERULEAN GLOBAL SERVICE, LLC, | |
| Counter-Plaintiff/Third Party Plaintiff, | |
| v. | |
| FRED RUBIO, et al., | |
| Cross-Defendant and Third Party Defendants. | |

Plaintiff FRED RUBIO ("Plaintiff" or "Rubio") and Counter-Defendants FRED RUBIO, RAIX, LLC ("RAIX"), and Silicon Valley Telecom & Internet Exchange, LLC("SVTIX" and, collectively, "Rubio Parties") submit the following Case Manage Conference Statement. (The only changes from the previous Case Management Conference Statement (Dkt. No. 29) are in "Bold" or "~~Strikeout~~", below:

A. <u>Meeting of Counsel</u>:

Counsel for **Rubio Parties** and Defendant Cerulean had a telephonic conference on August 26, 2016 that began at 10:00 a.m. that lasted approximately 45 minutes.

B. <u>Summary of Legal Theories</u>:

<u>Breach of Contract/Open Book Account/Accounting Causes of Action</u>: Defendant Cerulean agreed, on the record in this very court, to pay Plaintiff a monthly fee for three (3) years for each customer of Silicon Valley Telecom Exchange, LLC ("SVTIX") and/or RAIX, LLC that became a customer of Cerulean (" Converted Customers"). Cerulean breached the agreement by failing to make the agreed payments and, Plaintiff is informed and believes, Cerulean under reported the number Converted Customers.

<u>Declaratory Relief</u>: Disputes exist between Plaintiff and Cerulean regarding omitted terms of the above described agreement, including when the monthly payments are due and Cerulean's obligation to disclose how monthly payments are calculated. In addition, there is a dispute between the parties regarding apportioning the February 2015 rents collected from SVTIX/RAIX customers. SVTIX and RAIX collected rents from some but not all customers for the month February 2015. Cerulean took over data center operations on February 6, 2015 and Plaintiff is informed and believes Cerulean collected February rents from SVTIX/RAIX customers who had not already paid SVTIX/RAIX.

<u>Conversion</u>: Plaintiff owned items of personal property identified in Exhibit B to Plaintiff's complaint. The personal property was located in a warehouse building on February 6, 2015 when Cerulean took possession and control of the warehouse.

Plaintiff requested permission from Cerulean to removed the personal property but was denied access to the warehouse to remove the property.

Defenses: Cerulean originally denied the existence of an enforceable agreement between Cerulean and Rubio in Cerulean's motion to dismiss, even thought the terms of the agreement were read into the record in this very Court. Ceruelan now concedes/admits/alleges the existence of an agreement alleged by Rubio. However, at this juncture Rubio is precluded from being able to calculate monies owed since Cerulean refused and failed to provide the information necessary to determine all the customers that became Cerulean customers and when some customers ceased to be customers. Cerulean has stated that Rubio will need to propound written discovery to obtain the information. Beyond the amounts Cerulean owes, Cerulean claims that it is excused from paying Rubio as required because: (1) Rubio will not sign sale documents submitted by Cerulean requiring Rubio to transfer all the assets of RAIX and SVTIX even though those assets were not assets Cerulean purchased from the Trustee; (2) Rubio is asserting ownership over property Cerulean claims it purchased from the Trustee even though the claimed assets were owned by SVTIX/RAIX and not mentioned in this Court's order approving the Trustee's sale of assets; and (3) Rubio's contract claims are barred by waiver, ratification or estoppel apparently based on emails Rubio sent SVTIX/RAIX customers after the sale but which Cerulean has failed to provide or describe to Rubio. Cerulean claims Rubio's conversion cause of action is barred by this Court's order approving the Trustee's sale. Finally, Cerulean claims it is entitled to "set off" for (1) storage of Rubio's equipment after the sale and (2) payments SVTIX/RAIX received from customers for the month of February 2015 that Cerlean claims should have been paid to Cerulean. Cerulean now acknowledges that there were some items of personal property which it did not purchase from the Debtor's Trustee and which Cerulean has now offered to return to Plaintiff.

Counter Claims: Cerulean has now filed a counter claim against Rubio, SVTIX, and RAIX. Cerulean now seeks to enforce the agreement that it claims was unforceable.

Plaintiff/Counter Defendants' Case Management Conference Statement

3

Case: 16-05034   Doc# 40   Filed: 10/26/16   Entered: 10/26/16 22:50:57   Page 3 of 5

Cerulean alleges that Rubio breached the agreement by (1) failing to sign documents to covey to Cerulean purchased assets, including all the assets of SVTIX/RAIX; (2) asserting ownership of the assets purportedly sold to Cerulean by the Trustee; (3) and failing to sign a release agreement.  For the above, Cerulean seeks: (1) monetary damages, including the its fees and costs incurred in the defense of Rubio's lawsuit (even though there is no attorney's fee provision in any agreement) and (2) specific performance to compel Rubio's performance of the above alleged required acts.

<u>Defenses to Counter Claim</u>: Rubio is not required to perform or excused from performing the above acts because Cerulean is demanding that Rubio transfer to Cerulean property beyond the property Cerulean purchased from the Trustee.  In addition, Cerulean's equitable claims are barred by unclean hands.  Finally, Rubio is only required to provide documents necessary to effectuate a transfer of the property Cerulean purchased from the Trustee but this Court's order provides for that transfer and termination of Rubio's interest in the transferred property such that any further transfer document is not "necessary".

C. <u>Consent to Entry of Final Order or Judgment</u>:

**Rubio Parties do** not consent to the bankruptcy court entering a final order or judgment.

D. <u>Meeting of Counsel</u>:

See Section A, above.

E. <u>Rule 26(f)</u>:

The parties have agreed to exchange information as required by Rule 26.

F. <u>Discovery and Discovery Cut-off</u>:

Non-expert discovery cut-off: December 20, 2016

Expert Disclosure: January 13, 2016

Supplemental Expert Disclosure: Feb 13, 2016.

G. <u>Estimated Time for Trial and Desired Trial Date</u>:

The parties anticipate the matter will be ready for trial March 20, 2016.  Estimated

time will be three (3) to **four** (4) days actual trial time for presentation of evidence.

H. <u>ADR</u>:

The parties have indicated a willingness to participated in ADR/BDRP. Defendant requests ADR be completed in December 2016. ~~Plaintiff believes ADR should be completed earlier before the parties commit substantial resources in preparation for trial.~~

I. **<u>Corporate Ownership Statement</u>:**

**RAIX and SVTIX are California Limited Liability Corporations, have no parent corporation(s), nor does any publicly-held company own 10% or more of RAIX and SVTIX.**

J. **<u>Setting Time for Telephonic Hearing to Resolve Disputed Terms of Sale Hearing Agreement and Bill of Sale</u>.**

**At the hearing of the Trustee's motion to assume, assign and sell assets, the parties reached an agreement which was stated on the record and Cerulean's counsel requested the Court retain oversight regarding documenting the agreement. The Court stated that it would retain oversight and would hold a telephonic hearing, if necessary, to resolve any dispute quickly. The parties have exchanged documents (Sale Hearing Agreement and Bill of Sale) but are unable to resolve agree on final terms. Plaintiff has a motion for summary judgment set for hearing on November 21, 2016. The Rubio Parties request that the Court resolve the issues with documenting the Sale Hearing Agreement and Bill of Sale at that time.**

Dated: October 26, 2016                                  LAW OFFICE OF MARC L. PINCKNEY

By: /s/ Marc L. Pinckney
    Marc L. Pinckney
    Attorney for Plaintiff Fred Rubio and
    Counter-Defendants Fred Rubio, RAIX,
    and SVTIX